

U. S. Department of Justice

*Teresa A. Moore*
*United States Attorney*
*Western District of Missouri*

---

*Brian P. Casey*
*Assistant United States Attorney*

*United States Attorney's Office*
*Charles Evans Whittaker Courthouse*
*400 East Ninth Street, Suite 5510*  (816) 426-3122
*Kansas City, Missouri 64106-2607*  FAX (816) 426-5186

April 19, 2023

Michael E. Gans, Clerk
Eighth Circuit Court of Appeals
111 South 10th Street, Room 24.329
St. Louis, Missouri 63102

    Re:   *United States v. Kenneth Scott McKee, et al.*
            Case No. 20-3671

Dear Mr. Gans:

    Today the Supreme Court issued an opinion in *Turkiye Halk Banksia A.S., aka Halkbank, v. United States*, No. 21-1450 (April 19, 2023), that effectively resolves the issue in this appeal. In *Halkbank*, the Court considered whether any statute besides 18 U.S.C. § 3231 defines a federal court's subject-matter jurisdiction in a criminal case. The Court rejected the petitioner's contention that the Foreign Sovereign Immunities Act implicitly divested federal courts of criminal jurisdiction over foreign states or their instrumentalities. (Op., at 3-4.) In doing so, the Court reiterated that § 3231's "sweeping" grant of subject-matter jurisdiction over federal crimes ended the jurisdictional inquiry absent an express statutory exception to the contrary. (Op., at 3.)

    The Supreme Court's reasoning exposes the district court's error in this case. The Court held that "Halkbank cannot and does not dispute that § 3231's text as written encompasses the offenses charged in the indictment." (Op., at 3.) The same is true here, as the charged crimes are offenses against the United States that contain no express restrictions on the district court's jurisdiction. (*See* Gov't Brf., at 26-27.) More importantly, the *Halkbank* Court rejected the petitioner's attempts "to graft an atextual limitation onto § 3231's broad jurisdictional grant" through the FSIA's grant of immunity in civil cases. (Op., at 3-4.) The Court likewise rejected petitioner's attempt to extend a prior statutory grant of jurisdiction over civil admiralty cases to limit a criminal prosecution. (Op., at 4.)

As the Government previously demonstrated, when Congress intends a federal criminal statute to be limited geographically to account for federal jurisdiction, it does so expressly. (*See* Gov't Reply Brf., at 8.) This includes crimes that expressly depend upon the admiralty jurisdiction of the United States. *See, e.g.*, 18 U.S.C. §§ 2272, 2273, 2276 (applying "upon the high seas or any other waters within the admiralty and maritime jurisdiction of the United States"). The statutes charged in this case do not contain such express jurisdictional limitations, and *Halkbank* makes it abundantly clear that this Court should reject the district court's erroneous insertion of non-textual requirements and reverse.

                Respectfully submitted,

                TERESA A. MOORE
                United States Attorney

                /s/ *Brian P. Casey*

                BRIAN P. CASEY
                Assistant United States Attorney

# CERTIFICATE OF SERVICE

      I hereby certify that on April 19, 2023, the foregoing was electronically filed with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. A copy will be served on participants in the case by the CM/ECF system or by U.S. Mail, postage prepaid.

> James R. Hobbs
> Wyrsch, Hobbs & Mirakian, PC
> One Kansas City Place
> 1200 Main Street, Suite 2110
> Kansas City, Missouri 64105
>
> *Attorney for Appellee McKee*
>
> John Justin Johnston
> Johnston Law Firm LLC
> 811 Grand Boulevard, #101
> Kansas City, Missouri 64106
>
> *Attorney for Appellee Baltzell*
>
> Thomas J Bath , Jr.
> Bath & Edmonds, P.A.
> 10601 Mission Road, Suite 200
> Leawood, Kansas 66206
>
> *Attorney for Appellee Lanham*

      /s/ *Brian P. Casey*
      Brian P. Casey
      Assistant United States Attorney