# WYRSCH HOBBS MIRAKIAN P.C.

*Shareholders*
James R. Wyrsch
Stephen G. Mirakian*
James R. Hobbs
Marilyn B. Keller*
David Bell*
Sheena A. Foye*

One Kansas City Place
1200 Main Street, Suite 2110
Kansas City, Missouri 64105
Telephone: 816-221-0080   Facsimile: 816-221-3280
www.whmlaw.com

*Paralegals*
Dru Colhour
Teresa Williams

*Also Admitted in Kansas

April 20, 2023

VIA ELECTRONIC FILING

Michael E. Gans, Clerk of Court
U.S. Court of Appeals for the Eighth Circuit
Thomas F. Eagleton Courthouse
111 South 10th Street
St. Louis, MO 63102

    Re:   *United States of America v. Kenneth Scott McKee, et al.*
           No. 20-3671

Dear Mr. Gans:

    In its 28(j) letter, the government misreads the Supreme Court's decision in *Turkiye Halk Banksi A.S., aka Halkbank v. United States*, No. 21-1450 (April 19, 2023). The government contends that *Halkbank* "effectively resolves" this appeal, but *Halkbank* addressed wholly distinct issues and has no impact on this appeal. In asserting otherwise, the government again confuses a court's adjudicative authority with a federal statute's prescriptive reach. *See* Br. of Appellees 12-15. Only the latter is at issue here. And *Halkbank* says nothing about the prescriptive reach of the federal statutes central to this appeal.

    The defendant in *Halkbank* challenged the district court's *adjudicative* jurisdiction over a criminal prosecution for violations "of U.S. sanctions and numerous federal statutes." Slip Op. 2. The Supreme Court rejected the defendant's argument that 18 U.S.C. § 3231 implicitly excludes foreign states and instrumentalities from its grant of *judicial* jurisdiction to adjudicate criminal cases. Of course, Appellees here do not claim to be foreign states or instrumentalities. But Appellees also make an entirely different argument that does not hinge on any

implicit limitation of § 3231. The defendant in *Halkbank* did not challenge—and the Court thus did not address—the entirely separate question raised here: whether the criminal statutes defendants were *charged with violating* reached the alleged conduct as a matter of *legislative* jurisdiction or prescriptive statutory scope. Put differently, this appeal is about 18 U.S.C. § 1115 and 46 U.S.C. § 2302(b)'s scope, not § 3231's. Clearly, criminal statutes can have their own jurisdictional limitations, Br. of Appellees 14, and *Halkbank*'s interpretation of § 3231 in no way addresses that issue.

The government's own approach to charging this case reflects that this issue is separate from, and not decided by, § 3231's scope. *See* Br. of Appellees 2-5 (describing government's consistent charging and invocation of admiralty jurisdiction). Instead, the legislative power that Congress invoked to enact the charged statutes—its general admiralty power—decides the issue. Because the charged conduct occurred outside the general admiralty jurisdiction, the district court properly dismissed the case. Nothing in *Halkbank* changes that conclusion, or even speaks to those issues.

Respectfully submitted,

/s/ *James R. Hobbs*
James R. Hobbs
Marilyn B. Keller
*Counsel for Defendant-Appellee Kenneth Scott McKee*

/s/ *Thomas J. Bath*
Thomas J. Bath
Tricia A. Bath
*Counsel for Defendant-Appellee Curtis Lanham*

/s/ *J. Justin Johnston*
J. Justin Johnston
*Counsel for Defendant-Appellee Charles Baltzell*

## Certificate of Service

I hereby certify that on April 20, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/James R. Hobbs
*Counsel for Defendant-Appellee*
*Kenneth Scott McKee*